**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**ARLAIN BAPTISTE,**

Petitioner,

v. Civil Action No. **3:26CV911 (RCY)**

**JEFFREY CRAWFORD,**

Respondent.

## MEMORANDUM OPINION

Arlain Baptiste ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission. He filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). Petitioner alleges, *inter alia*, that Respondents' application of 8 U.S.C. § 1225(b) to mandate his detention violates the Immigration and Nationality Act ("INA"). *See* ECF No. 1, at 6–7. For the reasons set forth below, the § 2241 Petition will be GRANTED. Respondent will be ORDERED to provide Petitioner with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226.

## I. BACKGROUND

Petitioner was taken into immigration custody on April 29, 2026. *Id.* at 5. Petitioner states that no removal order has been issued. *Id.*

On September 9, 2026, Petitioner filed his § 2241 Petition in this Court. ECF No. 1. It appeared to the Court that the factual circumstances and legal issues presented in the § 2241 Petition were materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 7. Accordingly, the Court issued a Memorandum Order directing Respondents to file within

seven (7) days a notice indicating that the factual and legal issues presented in this § 2241 Petition did not differ in any material fashion from those presented in *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179, at *1 (E.D. Va. Feb. 3, 2026), or an explanation why material factual or legal differences did exist. *Id*. at 1–2. The Court further noted that should Respondents confirm there are no material differences between this petition and *Ortega Miranda* the prior filings from that case would be adopted in the present case for efficiency, and the Court would rule without additional submissions. *Id.* Respondents timely submitted a Notice in response to the Court's Memorandum Order. ECF No. 8. Respondents acknowledged that:

> [T]he factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Ortega Miranda*; namely, both the instant petition and *Ortega Miranda* concern whether an alien who is present in the United States without admission is properly subject to mandatory detention (*i.e.*, detention without the prospect of release on bond) during the pendency of his administrative removal proceedings pursuant to 8 U.S.C. § 1225(b).

*Id.* at 1. "[C]onsistent with its recent order," Respondents recommend that the Court "incorporate the filings in *Ortega Miranda* into the record of this habeas action." *Id.* With Respondents' confirmation that there are no material differences between this petition and *Ortega Miranda*, the prior filings from that case will be adopted in the present case for efficiency, and the Court will rule without additional submissions.

## II. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving

the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. ANALYSIS

The central question posed in the § 2241 Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).[1]

Petitioner contends that 8 U.S.C. § 1226 entitles him to a bond hearing or release. ECF No. 1, at 6–7. Respondent supports the Court's incorporation of the arguments and rationale recently rejected in *Ortega Miranda*, ECF No. 19. ECF No. 6. Here, as in *Ortega Miranda*, Respondent insists that Petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions. *See Ortega Miranda*, ECF No. 14, at 5–22.

Petitioner has been present in the United States for many years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a). As the United States Court of Appeals for the Fourth Circuit recently held: "Section 1226(a) properly governs the detention of noncitizens like [Petitioner] who are present in the United States, regardless of how they came to be in our country." *Lopez Garcia v. Guadian*, No. 25-7044, ___ F.4th ___, 2026 WL 2661092, *20 (4th Cir. Sep. 10, 2026). Under § 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community and

[1] The Court notes that Petitioner also argues that his warrantless arrest violates the Fourth Amendment. ECF No. 1, at 6. Besides this blanket statement, Petitioner fails to provide any factual support for his claim. Therefore, the Court will not review this conclusory argument at this time.

whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Petitioner's continued detention is unlawful.

## IV. CONCLUSION

For the above reasons, the § 2241 Petition (ECF No. 1) will be GRANTED. An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: October 15, 2026
Richmond, Virginia