**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**ARLAIN BAPTISTE,**

Petitioner,

v. Civil Action No. **3:26CV911 (RCY)**

**JEFFREY CRAWFORD,**

Respondent.

## MEMORANDUM OPINION

Arlain Baptiste ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission. Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). Petitioner alleges, *inter alia*, that Respondent's application of 8 U.S.C. § 1225(b) to mandate his detention violates the Immigration and Nationality Act. *See* ECF No. 1, at 6–7.[1] Respondent filed an Opposition. ECF No. 7. Petitioner has not filed a response. For the reasons set forth below, the § 2241 Petition will be DISMISSED because, at this juncture, it is not ripe for judicial disposition.

## I. PROCEDURAL HISTORY

On September 9, 2026, Petitioner filed his § 2241 Petition in this Court. ECF No. 1. It appeared to the Court that the factual circumstances and legal issues presented in the § 2241 Petition were materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 7. Accordingly, the Court issued a Memorandum Order directing Respondent to file within

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

seven (7) days a notice indicating that the factual and legal issues presented in this § 2241 Petition did not differ in any material fashion from those presented in *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179, at *1 (E.D. Va. Feb. 3, 2026), or an explanation why material factual or legal differences did exist. *Id.* at 1–2. The Court further noted that should Respondents confirm there are no material differences between this petition and *Ortega Miranda* the prior filings from that case would be adopted in the present case for efficiency, and the Court would rule without additional submissions. *Id.* In their Notice, Respondent acknowledged that the "factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Ortega Miranda*," (*see* ECF No. 9, at 2 (citation omitted)), and accordingly, by Memorandum Opinion and Order entered on October 15, 2026, the Court ordered Respondent to hold a bond hearing for Petitioner. *See* ECF No. 10, at 1.

On October 28, 2026, Respondent filed a Notice arguing that the matter is now moot. Respondent explains that a bond hearing was initially scheduled for October 21, 2026. ECF No. 11, at 1. Subsequently, "Petitioner, by counsel, moved to continue the scheduled bond hearing to allow additional time to prepare for the bond hearing," and "[t]he Immigration Court granted Petitioner's motion and rescheduled the bond hearing for October 27, 2026." *Id.* However, "[o]n October 26, 2026, "Petitioner, by counsel, moved to cancel the bond hearing so that Petitioner and his family could collect additional evidence in support of his motion for bond." *Id.* (citation omitted). "[T]he Immigration Court granted Petitioner's motion and canceled Petitioner's October 27, 2026 bond hearing, allowing Petitioner to re-file his request for bond once Petitioner had obtained the evidence he was collecting." *Id.* (citation omitted).

Based on Respondent's argument,[2] it is appropriate to review the § 2241 Petition under Federal Rule of Civil Procedure 12(b)(1).

## II. STANDARD OF REVIEW

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the petition fails to state a claim upon which subject matter jurisdiction can lie. *See id.* (citing *Adams*, 697 F.2d at 1219).

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the

---

[2] Respondent argues that the matter is moot. To the contrary, it appears from the record that the matter is not ripe, and the Court will dismiss the matter pursuant to its screening obligations. *See* Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts ("Rules Governing § 2254 Cases") ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## III. ANALYSIS

Petitioner argues that he is entitled to a bond hearing. ECF No. 1, at 6–7. Respondent asserts that Petitioner asked the Immigration Court to cancel the scheduled bond hearing on October 27, 2026, so he could collect more evidence, and he has not subsequently requested to reschedule the bond hearing. ECF No. 11, at 2. As discussed below, because Petitioner has no request for a bond hearing pending and has not been *denied* a bond hearing by an Immigration Judge, his § 2241 Petition is not ripe. *Id.*

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening

factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[ is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Ripeness is a doctrine used to evaluate whether an actual case or controversy exists, because a court cannot decide a claim that is not ripe for its review. *See Ohio Forestry Ass'n Inc. v. Sierra Club*, 523 U.S. 726, 732–34 (1998). The United States Supreme Court has recognized that "[t]he burden of proving ripeness falls on the party bringing suit." *S.C. Citizens for Life, Inc.*, 301 F. App'x at 220 (alteration in original) (quoting *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006)).

To determine whether a claim is ripe for judicial disposition, "a court must evaluate (i) 'the fitness of the issues for judicial decision' and (ii) 'the hardship to the parties of withholding court consideration.'" *Id.* at 221 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)). A claim for relief "is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted) (citation omitted); *see Miller*, 462 F.3d at 319 ("A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." (citation omitted)).

Petitioner's claim that he has been denied an individualized bond hearing, ECF No. 1, at 6, is not ripe because, at best, it rests upon a future contingency. Nothing in the record reflects that Petitioner has filed a motion requesting a bond hearing (which was not subsequently withdrawn) and has been denied a bond hearing by an Immigration Judge. Petitioner is entitled to ask the *Immigration Court* for a bond hearing from an Immigration Judge where he can argue that he should not be subject to detention. Petitioner's claim is not ripe for adjudication because "it

rests upon contingent future events that may not occur . . . ." *Texas*, 523 at 300 (internal quotation marks omitted) (citations omitted). Petitioner can only seek the relief he desires if he files a request for a bond hearing from the Immigration Court. Accordingly, the Court lacks Article III jurisdiction to consider the § 2241 Petition on the merits at this juncture.

## IV. CONCLUSION

The § 2241 Petition (ECF No. 1) will be DISMISSED for lack of jurisdiction.

An appropriate Final Order will issue.

/s/
Roderick C. Young
United States District Judge

Date: November 24, 2026
Richmond, Virginia